**Gurmit SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71170.
Agency No. A74–880–666.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 15, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Alison Marie Igoe, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM**

Gurmit Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming the Immigration Judge's denial of his application for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), *see Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), and we deny the petition for review.

Singh's inconsistent testimony regarding when his brother went into hiding and the questionable nature of his documentary evidence are sufficient to support the adverse credibility determination because these discrepancies go to the heart of Singh's asylum claim. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (inconsistent testimony); *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir.2004) (potentially fraudulent evidence).

Because Singh failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of deportation. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).

The BIA did not abuse its discretion by denying Singh's motion to remand based on ineffective assistance of counsel because Singh failed to show that counsel's performance, even if deficient, prejudiced him. *See Iturribarria v. INS*, 321 F.3d 889, 899–900 (9th Cir.2003).

Singh's remaining contentions lack merit.

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.